UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JARMAAL LARONDE SMITH,** | Case No. 2:07-cv-02004-AK |
| Petitioner, | **ORDER** |
| v. | |
| **LEANNE CRONES, et al.,** | |
| Respondents. | |

Jarmaal Laronde Smith was convicted of two counts of attempted murder and single counts of child endangerment, assault with a firearm and shooting at an occupied vehicle. He is in custody at the Pelican Bay State Prison in Crescent City, California, and petitions for a writ of habeas corpus, alleging three constitutional errors at his trial.

**1.** The California Supreme Court refused to consider Smith's claims on the merits, instead rejecting them on purely procedural grounds. The first procedural ground, created by <u>In re Dixon</u>, 41 Cal. 2d 756 (1953), prohibits petitioners from raising claims in state habeas that they could have, but didn't, raise on direct appeal. <u>See</u> Order Denying Petition for Writ of Habeas Corpus, No. S152328 (Cal.

Sept. 12, 2007); In re Dixon, 41 Cal. 2d at 759.  This court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).

"[P]rior to 1998 [the California courts] necessarily addressed fundamental constitutional claims when applying the Dixon rule."  Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (citing In re Robbins, 18 Cal. 4th 770 (1998)).  Thus, prior to 1998, a California court "made an antecedent ruling on federal law before applying the Dixon bar to any federal constitutional claims . . . , by concluding that no fundamental federal constitutional error had occurred."  Id. at 1153.

That all changed with In re Robbins, where the California Supreme Court explained that "we shall assume, for the purpose of addressing the procedural issue, that a federal constitutional error is stated, and we shall find the exception inapposite if, based upon our application of state law, it cannot be said that the asserted error 'led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner.'"  18 Cal. 4th 770, 811–12 (1998) (quoting In re Clark, 5 Cal. 4th 750, 797 (1993)).  "The purpose of this approach was to establish the adequacy and independence of the State Supreme Court's future Dixon / Robbins rulings and to indicate that a

prisoner seeking collateral relief with respect to new federal claims no longer had any recourse to exhaust in the state courts." Park, 202 F.3d at 1152 n.4.  Although the Ninth Circuit hasn't addressed the independence of California's Dixon rule post-Robbins, when evaluating a different procedural bar with the same exceptions it held that "the California Supreme Court's post-Robbins denial of [petitioner's] state petition for lack of diligence (untimeliness) was not interwoven with federal law and therefore is an independent procedural ground." Bennett v. Mueller, 322 F.3d 573, 582–83 (9th Cir. 2003).  Robbins thus converted Dixon into an independent state ground.  See Protsman v. Pliler, 318 F. Supp. 2d 1004, 1007–08 (S.D. Cal. 2004) (reaching the same conclusion).

The second question is whether the Dixon bar is adequate.  Because California has "pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." Bennett, 322 F.3d at 586.  The "petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Id.  Smith provides no authority suggesting that the Dixon bar is inadequate.  Thus, Smith's claim of juror misconduct is procedurally defaulted to the extent that it is based on evidence from the trial record.  Smith's

ineffective assistance of trial counsel claims are not procedurally defaulted, however, because the California courts "do not apply [the Dixon] bar[] to claims of ineffective assistance of trial counsel."  Robbins, 18 Cal. 4th at 815 n.34.

**2.**  "A default under an independent and adequate state procedural rule operates as a bar in federal court unless the petitioner can show cause for and prejudice from the default."  Valerio v. Crawford, 306 F.3d 742, 773 (9th Cir. 2002) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)).  Normally, "cause to excuse a default exists if the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Cook v. Schriro, 538 F.3d 1000, 1027 (9th Cir. 2008) (internal quotation marks omitted).

Smith argues that his appellate counsel caused his default by refusing, against Smith's wishes, to press claims of juror misconduct and ineffectiveness of trial counsel.  But "[t]o constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim."  Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003).  Smith didn't raise the ineffectiveness of his appellate counsel in his habeas petition before the California Supreme Court.

Smith's failure to exhaust this claim precludes him from relying on it as cause for his procedural default.  Id.[1]

Nor does Smith provide anything to suggest that refusal to consider his juror misconduct claim will result in a fundamental miscarriage of justice, which "is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir. 2008).

**3.**  The California Supreme Court denied Smith's ineffective assistance of trial counsel claims with citations to In re Swain, 34 Cal. 2d 300, 304 (1949) (failure to allege claims with sufficient particularity), and People v. Duvall, 9 Cal. 4th 464, 474 (1995) (failure to provide "copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations").  The Ninth Circuit has explained that when the California Supreme Court denies a habeas petition with "citations to Swain and Duvall, we read [that] denial . . . as, in effect, the grant of a demurrer, i.e., a holding that [petitioner] had not pled facts with sufficient particularity." Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005).  It is a "denial without

---

[1] Because Smith has not shown cause, I needn't address prejudice.

prejudice" after which the petitioner has "leave to refile."  Id. at 1039.  Because Smith's petition was dismissed with leave to refile, he fails to satisfy the requirement "that no state remedy remains available."  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Further, because Smith failed to comply with California law by pleading his claims with particularity and providing sufficient supporting evidence, the California Supreme Court "has not been given the required fair opportunity to correct the constitutional violation."  Harris v. Superior Court of Cal., L.A. County, 500 F.2d 1124, 1128 (9th Cir. 1974).[2]

Smith does not argue that any of the exceptions to the exhaustion requirement apply.  28 U.S.C. § 2254(b)(1)(B).  Smith's ineffective assistance claims are thus dismissed without prejudice for failure to exhaust.  Smith's request

---

[2] Over twenty years ago, the Ninth Circuit held that a citation to In re Swain does not establish a per se failure to exhaust, and that federal courts are required to examine a petitioner's state habeas petition to determine whether the claim was "fairly presented" to the state court.  Kim v. Villalobos, 799 F.2d 1317, 1319–20 (9th Cir. 1986).  Even assuming that Kim applies to Duvall denials and that Kim's rule survives the AEDPA's requirement that a petitioner return to state court "if he has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), Smith's claims still haven't been properly exhausted.  The habeas petition Smith filed with the California Supreme Court lacked "reasonably available documentary evidence supporting the claim."  Duvall, 9 Cal. 4th at 474.  For example, it contained no trial transcripts nor a declaration from Smith himself—evidence that Smith now tries to present for the first time in federal court.

to introduce evidence that was never presented in state court to support his unexhausted claims is denied.

**4.** Smith also asks this court to refer his case to the FBI for investigation into illegal activity at the prison where he was previously confined. But "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This request is therefore denied.

The petition for a writ of habeas corpus is **DENIED**.

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation

April 21, 2010