UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JARMAAL SMITH,** <br><br> Petitioner, <br> v. <br><br> **LEANNE CRONES, et al.,** <br><br> Respondents. | Case No. 2:07-cv-02004-AK <br><br> **ORDER** |

I previously denied Jarmaal Laronde Smith's petition for a writ of habeas corpus. Smith v. Crones, No. 2:07-cv-02004 (AK), 2010 WL 1660240, at *3 (E.D. Cal. Apr. 22, 2010). Smith can't appeal without a certificate of appealability, 28 U.S.C.§ 2253(c); Fed. R. App. P. 22(b), which I may not grant unless "jurists of reason would find it debatable whether" (1) the petition states a valid constitutional claim, and (2) I correctly dismissed his petition on procedural grounds, Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c)(2). In ruling on Smith's request for a certificate of appealability, I have taken his factual allegations as true and drawn all reasonable inferences in his favor. See Lambright v. Stewart, 220 F.3d 1022, 1026 n.5 (9th Cir. 2000) ("When a claim is denied on a procedural ground, all of the inferences that govern a Rule 12(b)(6) motion apply to this situation.").

**1.**  Smith alleged in his petition to the California Supreme Court that his trial attorney's "performance was both deficient and prejudicial."  Jurists of reason could debate whether Smith's allegation fully and fairly presented his ineffective assistance of trial counsel claim to the California Supreme Court.  See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986).  But no reasonable jurist would conclude that Smith stated a constitutional claim.

Smith claimed that his attorney shouldn't have elicited testimony about his probation status.  But, assuming this was ineffective, Smith hasn't alleged facts from which a reasonable jurist could infer that this testimony prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002).  The detective didn't identify Smith's prior conviction or even whether he had been convicted at all.  It's possible to be given probation through a diversion program, which results in no conviction.  See, e.g., Cal. Penal Code § 1001.51–54.  So the fact of his probation likely had little impact on the jury.

And a "quick look" at the state court record shows that the evidence of Smith's guilt was overwhelming.  See Lopez v. Schriro, 491 F.3d 1029, 1041 (9th Cir. 2007) (looking for evidence in the state court record to determine whether a petition stated a constitutional claim).  California charged him with attempting to murder his ex-girlfriend and her baby:  His defense was that he was not, in fact, the shooter.  See People v. Smith, 124 P.3d 730, 743 (Cal. 2005).  But all the evidence

pointed to him. His account of the shooting <u>directly</u> contradicted the accounts the victim and her new boyfriend gave. The bullet recovered from the crime scene matched shell casings found in Smith's room. And Smith fled to Louisiana the day after the shooting, which indicates consciousness of guilt. <u>See</u> <u>United States</u> v. <u>Dixon</u>, 201 F.3d 1223, 1232 (9th Cir. 2000).

In the face of this strong evidence, Smith offered nothing but his own, uncorroborated testimony and speculation that some other unidentified person did the shooting. That testimony had obvious holes with respect to key facts of the case. For example, he admitted at trial that he recovered the shell casings from the crime scene; when asked why, he answered "I really don't know." And he testified he didn't "know who fired the gun" and hit the ground when he heard the first gunshot.

Finally, the jury heard other, much more damning, evidence about Smith's character: Prison authorities intercepted letters Smith had written to his mother and various associates asking them to lie on the witness stand. Given the evidence arrayed against him, Smith's claim fails the prejudice prong of <u>Strickland</u>, as does his argument that counsel was ineffective in not moving to strike the testimony about probation.

Smith also claims that his attorney was ineffective in advising him to write the letters that were intercepted and introduced at trial. This claim is patently

frivolous, as it contradicts Smith's sworn testimony:

> I told [inmates] my story and people's like man, you have got to come up with something better than that, something the jury going to believe. So, I wrote a couple letters and, you know, I planned to, you know, narrow it down, but, you know, <u>I spoke to you, my attorney, and you told me you couldn't represent me, or if I was going to come to Court and lie, or if somebody coming to Court and lie for me</u>. So, I was going to rip the letters up, but they found them.

Smith now claims that this was a "fabricated story" "rehearsed by Petitioner and trial counsel," but his self-serving, conclusory statement cannot rebut the presumption of truth I must give to his trial testimony. See <u>Blackledge</u> v. <u>Allison</u>, 431 U.S. 63, 74 (1977); <u>Turner</u> v. <u>Calderon</u>, 281 F.3d 851, 881 (9th Cir. 2002). I needn't take those allegations as true and therefore find that Smith has unquestionably failed to state a valid ineffective assistance of counsel claim. <u>Cf.</u> <u>Sanders</u> v. <u>Brown</u>, 504 F.3d 903, 910 (9th Cir. 2007) ("Conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss.").

**2.** Smith argues that his juror misconduct claim isn't barred under <u>Ex parte Dixon</u>, 264 P.2d 513 (Cal. 1953), because <u>Fields</u> v. <u>Calderon</u>, 125 F.3d 757, 761, 765 (9th Cir. 1997), found the <u>Dixon</u> bar inadequate. But <u>Fields</u> is of no help to Smith, because it addressed the <u>Dixon</u> bar as of 1981, <u>id.</u> at 761, while Smith's direct appeal was decided in 2004, <u>see</u> <u>People</u> v. <u>Smith</u>, 9 Cal. Rptr. 3d 387 (Cal. Ct. App. 2004), <u>superseded</u> 124 P.3d 730 (Cal. 2005). This was well after California

page 5

"reestablish[ed the] procedural rules governing state habeas petitions and clearly define[d] and limit[ed] the applicable exceptions." Protsman v. Pliler, 318 F. Supp. 2d 1004, 1012 (S.D. Cal. 2004) (quoting Fields, 125 F.3d at 763–64); see In re Harris, 855 P.2d 391 (Cal. 1993); In re Clark, 855 P.2d 729 (Cal. 1993).

Jurists of reason could debate my procedural ruling. Courts in this district have found "nothing" in Harris or Clark that "ensured that Dixon would be thereafter applied consistently, contrary to prior practice," Jones v. Ayers, No. CIV-S-97-2167 (MCE), 2008 WL 906302, at *25 (E.D. Cal. Mar. 31, 2008), and also that a petitioner's burden to show inadequacy was "satisfied by the existence of other [federal] district court cases finding inconsistent application of the Dixon rule after 1993," Steele v. Ayers, No. CIV S-03-0143 (GEB), 2010 WL 2793644, at *6 (E.D. Cal. July 14, 2010).

But Smith has not shown that jurists of reason would find it debatable whether he stated a valid constitutional claim. Smith appears to argue that his jury wasn't impartial because one juror was pressured to change her vote from "acquit" to "convict." But the only evidence he provides to support his claim is a note from the jury describing the one juror's change of heart and an unsigned declaration from that juror. Such evidence of a juror's "subjective 'mental processes'" is inadmissible under a "long line of precedent," see Estrada v. Scribner, 512 F.3d 1227, 1237 (9th Cir. 2008), so Smith's juror misconduct claim is meritless.

Accordingly, Smith's request for a certificate of appealability is **DENIED**. Smith's motion to proceed in his appeal in forma pauperis (docket entry 42) is **DENIED** as moot.

 

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation

January 4, 2011